MOK v. IROQUOIS BUILDING COMPANY.

BILLS AND NOTES — PRINCIPAL AND AGENT — PAROL EVIDENCE — IN-
TENT — AMBIGUITY.

    Parol evidence is admissible in action between the immediate
    parties to a note, so signed as to be ambiguous, to show that
    the instrument was, to the knowledge of the parties, intended
    to be the obligation of the principal and not of the agent,
    and that it was given and accepted as such.

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 April 5, 1966, at Detroit. (Docket No. 670.) Decided September 27, 1966.

Declaration by Ira E. Mok, doing business as Mok Modern Lumber Company, against Iroquois Building Company, a Michigan corporation, and Mark Abend and Raymond Husic, officers of the company, for sums due on notes. Judgment for plaintiff against Iroquois Building Company, and judgment of no cause for action as to defendants Abend and Husic in their individual capacities. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
11 Am Jur 2d, Bills and Notes §§ 555–561, 563, 566.

*Max M. Marston,* for plaintiff.

*J. Leonard Hyman,* for defendant Mark Abend.

*Levine & Benjamin (Alvin L. Levine,* of counsel), for defendants Iroquois Building Company and Raymond Husic.

J. H. Gillis, P. J.   The defendants, Mark Abend and Raymond Husic, were officers of the defendant Iroquois Building Company.   To partially secure a debt of $9,000 owed by the defendant company to the plaintiff, Ira E. Mok, doing business as Mok Modern Lumber Co., Abend and Husic issued 4 promissory notes of $1,000 each to the plaintiff. Each note was written on the defendant corporation's checks in the following form:

"Iroquois Building Co.                    No.
17403 Wyoming DI 1-8460
                    Detroit 21, Michigan
                    . . . .19. . . .

Pay to the order of Mok Modern Lumber Co.
                                        $1000/xx
One Thousand and no/100 . . . . . . . . . . . Dollars

The Detroit Bank          Iroquois Building Co.
& Trust Co.
Detroit, Michigan        (                    )
                          /s/Mark M. Abend
                          /s/Raymond J. Husic"

The defendants' signatures underneath the words "Iroquois Building Co." failed to specify in what capacity they signed the notes.   Because of this ambiguity in the defendants' signatures, the trial court allowed parol evidence to show the defendants indorsed in representative capacities and not·as individuals.   From a judgment of no cause for action

against the defendants, as individuals, the plaintiff appeals.

The uniform commercial code was not in effect at the date of these transactions and therefore the applicable law in this case is found in section 22 of the negotiable instruments law enacted in Michigan as CL 1948, § 439.22 (Stat Ann 1959 Rev § 19.62). This section provides:

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

The plaintiff contends the trial court committed reversible error in admitting parol testimony that varied the terms of the notes.

The law distinguishes between admission of parol evidence that varies the terms of a note when original parties to the transaction are involved and innocent purchasers are involved. This distinction is illustrated in *Lexington State Bank* v. *Rose City Creamery Co.* (1919) 207 Mich 81, 87, where our Supreme Court quoted with approval the opinion of the trial court:

" 'While it is true, as a general rule, that parol evidence is not admissible to exonerate an agent from a contract, where the paper bears on its face some reference to a principal, the preponderance of authority warrants the statement of the rule that:

" '*Between the immediate parties* to a bill or note, parol evidence is admissible to show: * * * that the instrument was, to the knowledge of the parties, intended to be the obligation of the principal and not of the agent, and that it was given and accepted as such.' " (Emphasis supplied.)

In the present case the original parties to the notes are the litigants. The signatures of the defendants have created an ambiguous situation, *i.e.*, whether they signed as individuals. or agents, and under these circumstances parol evidence is admissible to show that the signatures were made in a representative capacity.

Judgment affirmed. Costs to appellees.

HOLBROOK and McGREGOR, JJ., concurred.